SUMMARY ORDER
Petitioner Ivana Ciftja (“Ciftja”), an Albanian native and citizen, seeks review of an order of the Board of Immigration Appeals (“BIA” or “Board”) denying her claims for asylum, 8 U.S.C. § 1158, and withholding of removal, 8 U.S.C. § 1231(b)(3).[1] Ciftja came to the United States with her daughter, Ami, from Albania in January 2000 and applied for asylum in April 2000. Ciftja claims that, as a result of their support of the Democratic Party (“DP”), she, Ami, and her husband, who was still living in Albania at the time of Ivana’s removal hearing, were persecuted in Tirane by government agents affiliated with the Socialist Party.
We presume the parties’ familiarity with the facts, the procedural history and the scope of the issues presented for review, which we reference only as necessary to explain our decision.
Immigration Judge Ronald Weisel (“the IJ”) denied Ciftja’s claims because he did not find credible her account of persecution. See In re Ciftja, No. A78-221-066— New York (IJ Mar. 28, 2002). The BIA affirmed, but did not adopt the IJ’s adverse credibility finding. Rather, the Board found that even if Ciftja were credible, her claims did not amount to persecution within the meaning of the Immigra *215 tion and Nationality Act (“INA”). See 8 U.S.C. § 1101(a)(42). Having decided that the Ciftjas did not qualify as refugees based on past persecution, the Board went on to find that neither could they qualify based on a “well-founded fear of persecution” in the future.
Where, as here, the BIA issues an opinion and does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006); Shao Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005) (per curiam). Since the BIA assumed for the purposes of its decision that Ciftja’s account was credible, we also, therefore, assume the truth of her account for the purposes of our review.
Ciftja testified to two incidents in which she or members of her immediate family were beaten and threatened in their own home by men who identified themselves as government officials and who made explicit reference to the Ciftjas’ support for the DP. The experiences she described represent precisely the sort of “non-life-threatening violence or physical abuse” that, when inflicted on account of a protected ground, we have said qualifies as persecution.[2] Tian-Yong Chen v. INS, 359 F.3d 121, 128 (2d Cir.2004) (quoting Begzatowski v. INS, 278 F.3d 665, 669 (7th Cir. 2002)); see also Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (“In short, persecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground.”).
Because our review of the record does not reveal any reason why Ciftja’s story, if believed, does not amount to persecution, we vacate the BIA’s opinion and order and remand to the agency for further proceedings. To the extent that the remainder of the BIA’s decision meant to establish a lack of a well-founded fear of persecution, the BIA must reconsider that finding in the light of the fact that Ciftja’s account, if credible,[3] meets her initial burden of showing past persecution. See Cao He Lin, 428 F.3d at 399 (“A showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution, which can be overcome by a showing, by the preponderance of the evidence, that conditions in the applicant’s country of nationality have changed sufficiently to destroy the basis for the presumption.”).[4]
*216 The petition for review is therefore GRANTED, the BIA’s opinion and final order of removal are VACATED, and the case is REMANDED to the Board for further proceedings not inconsistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is vacated, and any pending motion for a stay of removal in this petition is denied as moot.

. At her removal hearing, Ciftja also made a claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT”), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85. The IJ did not address Ciftja’s CAT claim in his decision, but Ciftja did not raise the issue before the BIA and does not raise it in the present petition for review. As such, we deem any claim to CAT relief waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005); see also 8 U.S.C. § 1252(d)(1) (providing review of final orders of removal only if "the alien has exhausted all administrative remedies available to the alien as of right”).

. And this is so apart from the other incidents of discriminatory treatment to which Ciftja testified—such as police abuse and threats in connection with an anti-government rally; property seizures; extortionate taxation; and other threats relating to her father-in-law’s political background—which, in context, only enhance her claim to persecution. See Cecaj v. Gonzales, 440 F.3d 897, 899 (7th Cir.2006).

. Because the BIA did not, in the first instance, determine whether the IJ erred in reaching his adverse credibility finding, it is free, of course, to make that determination on remand.

. To the extent the BIA opinion could be construed as an "in-the-alternative” finding that the government has met its burden of showing changed country conditions sufficient to overcome the presumption of a well-founded fear of future persecution, the evidence the BIA marshaled in support of this finding is manifestly inadequate to meet that burden. See Islami v. Gonzales, 412 F.3d 391, 397-98 (2d Cir.2005) (noting that where past persecution has been shown, and the "past and alleged future forms of abuse implicate the same policies or practices, ... the Government must show that country conditions have changed radically"); see also Gailius v. INS, 147 F.3d 34, 36 (1st Cir.1998) (“It is well established that general changes in country conditions do not render an applicant ineligible for asylum when despite those general changes there is a specific danger to the applicant.”).
We leave for another day the question, which Ciftja raises, of whether the BIA violated her Fifth Amendment due process rights by taking administrative notice of country conditions in Albania without giving her a chance to rebut the assertions of which notice *216 was taken. We note without comment that the circuits are split on the merits of this argument. See Ajdin v. Bureau of Citizenship & Immigration Servs., 437 F.3d 261, 265 (2d Cir.2006) (per curiam) (describing the circuit split).